UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID SIMKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-08-CA-379-XR |
| ) | |
| ALLEN BRIDGES ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

Plaintiff filed suit against Hays County Sheriff Allen Bridges alleging that Defendant Bridges denied him access to a law library during Plaintiff's stay in the Hays County Jail. Defendant filed a motion to dismiss, asserting amongst other things that Plaintiff failed to exhaust administrative remedies as required for 42 U.S.C. § 1983 claims challenging prison conditions.

Magistrate Judge Primomo issued a Memorandum and Recommendation in favor of Defendant, and Plaintiff filed his objections.

Having read the briefing and applied the pertinent case law, the Court adopts the Magistrate Judge's Recommendation and dismisses Plaintiff's suit.

**Factual Background**

Plaintiff was incarcerated in the Hays County Jail from April 7, 2008 through June 12, 2008 on charges of forgery and theft. On April 10, 2008, Kelly Higgins was appointed as his attorney. On April 16, 2008, Plaintiff filed a grievance against the Hays County Sheriff's Office contending that his due process rights were being violated because the jail officials were denying him access to law

library research materials.

The following day, the jail's Grievance Board issued a decision finding that Plaintiff was not entitled to use of a law library so long as he was represented by counsel.[1] Plaintiff did not appeal this decision through the grievance process, but rather, filed suit in this Court on May 6, 2008.

**Analysis**

As a general rule, "plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court."[2] 42 U.S.C. § 1997e(a), however, reads that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As the Supreme Court held, this "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."[3]

In this case, the parties dispute which grievance process was in effect as of the date Plaintiff filed his grievance.[4] Regardless of which plan was in effect, Plaintiff failed to exhaust administrative remedies. Both plans included an appeals process, and it is undisputed that Plaintiff did not appeal

---

[1] In his grievance submission, Plaintiff failed to indicate that he was involved in cases other than the criminal matters for which he was being held in the Hays County Jail. It was not until the filing of this suit that Plaintiff appears to have revealed that he wished to access the law library for assistance in three other cases assigned to courts outside of Hays County.

[2] Porter v. Nussle, 534 U.S. 516, 523 (2002).

[3] *Id*. at 532.

[4] Plaintiff contends the correct grievance procedures can be found in Docket No. 12 at Exhibit 2. Defendant argues that the then current grievance plan can be located in Docket No. 10 at Exhibit 6.

the decision of the Grievance Board.[5] As a result, he failed to meet the requirements imposed by 42 U.S.C. § 1997e(a), and therefore, his suit cannot go forward.[6]

## Conclusion

Because Plaintiff failed to exhaust administrative remedies in his § 1983 suit challenging his prison conditions, the Magistrate Judge's Recommendation is accepted, and Defendant's motion to dismiss is granted.

It is so ORDERED.

SIGNED this 12th day of August, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] According to the grievance procedures that Plaintiff submits were in effect, "an inmate shall have the right to appeal the decision of the Discipline Board to the Sheriff within 48 hours. . . This decision will be final and shall be communicated to the inmate in writing." Docket No. 12 at Exhibit 2. Plaintiff never appealed the decision to the Sheriff. He also failed to appeal to the Grievance Review Board discussed in the grievance plan that Defendant contends was then in operation.

[6] *See* Reyes v. Gerami, 207 F.3d 657 (5th Cir. 2000) (case involving the dismissal of a § 1983 claim for denial of access to a law library because the plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a)).